IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-02658-REB-MJW

JUAN MARIO FLEITES,

    Plaintiff,

v.

PUEBLO MEDICAL INVESTORS, LLC, and
LIFE CARE CENTERS OF AMERICA d/b/a UNIVERSITY PARK CARE CENTER,

    Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

---

**Blackburn, J.**

This matter is before me on the defendants' **Motion To Dismiss Pursuant to Fed.R.CivP. 12(b)** [#9], filed February 13, 2008. The plaintiff filed a response and the defendants filed a reply. I grant the motion.

## I. STANDARD OF REVIEW

The defendants argue that the allegations in the plaintiff's Complaint [#1], filed December 20, 2007, demonstrate that the plaintiff's claim under §24-34-402, part of the Colorado Anti-Discrimination Act (CADA), is barred under the applicable statute of limitations. I construe the defendants' arguments as seeking dismissal under Fed.R.Civ.P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a). I must accept all well-pleaded allegations of the complaint as true. ***McDonald v. Kinder-Morgan, Inc.***, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual

conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993); *see also Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), *cert. denied*, 123 S.Ct. 1908 (2003). I review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. July 9, 2007) (quoting *Bell Atlantic Corp. v. Twombly*, – U.S. –, 127 S.Ct. 1955, 1969, 1974, – L.Ed.2d – (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Id.* (emphases in original).[1]

## II. FACTS

In his complaint, the plaintiff alleges that the defendants terminated his employment in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12102 - 12213, and the CADA. The plaintiff asserts claims under both the ADA and the CADA. The ADA and the CADA are, essentially, parallel statutory schemes that address disability discrimination. This case presents a somewhat anomalous conflict between the provisions of the CADA and the ADA.

The plaintiff filed timely charges of discrimination with the Colorado Civil Rights Division (CCRD) and the Equal Employment Opportunity Commission (EEOC). The CCRD issued a probable cause determination and conducted mediation proceedings in

---

[1] *Twombly* rejected and supplanted the "no set of facts" standard of *Conley v. Gibson*, 355 U.S.41 (1957). The "plausibility" standard and its meaning were clarified recently in *Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008).

2

an effort to resolve the matter. The CCRD's proceedings related only to the plaintiff's CADA claim. The CCRD's conciliation effort were unsuccessful and, on December 27, 2006, the CCRD issued a letter terminating its jurisdiction over the case. *Complaint* [#1], Exhibit 2. The December 27, 2006, letter notified the plaintiff that if he wished to file a civil action based on the discrimination that was the subject of the CCRD proceedings, then the plaintiff had to file such an action within 90 days of the mailing of the letter. The CCRD's letter cites §24-34-306(I), C.R.S. (sic).

The matter then proceeded to the EEOC. On July 30, 2007, the EEOC issued a letter in which it stated its finding of reasonable cause to believe the defendants terminated the plaintiff's employment in violation of the ADA. *Complaint*, Exhibit 1. On September 21, 2007, the EEOC issued to the plaintiff a Notice of Right To Sue concerning his ADA claim. *Id*. The plaintiff filed his complaint in this case on December 20, 2007.

### III. ANALYSIS

The defendant argues that the plaintiff's CADA claim must be dismissed because it is barred by the applicable statute of limitations. The defendant relies on §24-34-306(2)(b)(I), C.R.S., which outlines procedures to be used when the director of the CCRD determines that probable cause does not exist. §24-34-306(2)(b)(I), C.R.S. is not applicable to this case because in this case the director of the CCRD found probable cause that the CADA had been violated in the plaintiff's case.

When the director of the CCRD finds that probable cause exists, §24-34-306, C.R.S. outlines the procedures to be followed. After those CCRD procedures are completed, the aggrieved party may file

3

> a civil action in the district court for the district in which the alleged discriminatory or unfair practice occurred. Such action must be filed within ninety days of the date upon which the jurisdiction of the commission ceased, and if not so filed, it shall be barred and the district court shall have no jurisdiction to hear such action.

§24-34-306 (11), C.R.S. This period of limitations is applicable to the plaintiff's CADA claim. In this case, the jurisdiction of the CCRD ceased when the CCRD issued its December 27, 2006, letter. The plaintiff filed his complaint in this case on December 20, 2007. The plaintiff's CADA claim was filed more than 90 days after the jurisdiction of the CCRD ceased, and under §24-34-306 (11), C.R.S., this claim is "barred and the district court shall have no jurisdiction to hear such action. " *Id*.

The plaintiff argues that §24-24-306(11), C.R.S. does not affect the jurisdiction of a federal court. I disagree. That Colorado statute provides a period of limitations for the plaintiff's CADA claim, and that period of limitations is applicable to that claim whether the claim is filed in state court or in federal court.

The plaintiff argues also that he is obligated to exhaust his state administrative remedies, with the CCRD, before he may pursue administrative remedies with the EEOC. Further, exhaustion of remedies with the EEOC is required before the plaintiff may file suit on his ADA claim. The plaintiff suggests that it is absurd to require him to initiate a separate suit on his CADA claim, after exhausting his remedies with the CCRD, while he also pursues with the EEOC his administrative remedies on his ADA claim. The plaintiff suggests also, without providing detail, that the work-sharing agreement between the EEOC and the CCRD precludes the dismissal of his CADA claim as untimely under the circumstances presented in this case. Under 29 C.F.R. § 1626.10(b)(c), the EEOC "may enter into agreements with state or local agencies which authorize such agencies to receive charges and complaints[, and] ... [c]harges received

4

by one agency under the agreement shall be deemed received by the other agency for purposes of" determining the timeliness of the charge. The parties agree that the EEOC and the CCRD operate under a work-sharing agreement. However, nothing in the complaint and nothing in the plaintiff's response to the motion to dismiss demonstrates how the work-sharing agreement alters the effect of the 90 day period of limitations stated in §24-34-306 (11), C.R.S.

In short, viewing the allegations in the complaint as true, the complaint indicates that the plaintiff's CADA claim was filed more than 90 days after the CCRD's jurisdiction over that claim ceased. Under §24-34-306 (11), C.R.S., this claim is time barred. It is readily conceivable, however, that additional factual allegations may serve to show how the time bar of §24-34-306 (11), C.R.S. may have been stayed during the pendency of the EEOC proceedings concerning the plaintiff's ADA claim. Therefore, I will grant the plaintiff a brief period of time in which he may amend his complaint to address this issue.

## IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That defendants' **Motion To Dismiss Pursuant to Fed.R.CivP. 12(b)** [#9], filed February 13, 2008, is **GRANTED**;

2. That the plaintiff's second cause of action, his claim for violation of §24-34-402, C.R.S. is **DISMISSED** without prejudice because the allegations in the complaint [#1] demonstrate that this claim is time barred;

3. That on or before **October 13, 2008**, the plaintiff **MAY FILE** an amended complaint in which he may amend and supplement the allegations in support of his second cause of action in an effort to plead facts showing that this claim is not time

5

barred under §24-34-306 (11), C.R.S.

Dated September 22, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**